UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER MAKKINJE, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

EXTRA SPACE STORAGE, INC.,

    Defendant.

_____/

Case No: 8:21-cv-2234-WFJ-SPF

## ORDER

This matter comes before the Court on Defendant Extra Space Storage, Inc.'s Motion to Dismiss, Dkt. 16, Plaintiff Amber Makkinje's amended class action complaint, Dkt. 12. Plaintiff filed a response, Dkt. 20. In addition to the filings, this Court received cogent oral argument from the parties on December 15, 2021. Upon careful consideration, the Court denies Defendant's motion.

## BACKGROUND

This case is one of several class action lawsuits recently filed by Plaintiff's attorneys in which a commercial website's use of session replay software is alleged to violate the Florida Security Communications Act ("FSCA"), Fla. Stat. § 934.01, et. seq. Session replay software records website visitors' mouse clicks, keystrokes,

search terms, and other ways in which they interact with the website—information that companies use to help increase online sales. Dkt. 12 at 5; *see also Goldstein v. Luxottica of Am., Inc.*, No. 21-cv-80546-CIV-CANNON/REINHART, 2021 WL 4093295, at *2 (S.D. Fla. Aug. 23, 2021). Many of these recent cases have been dismissed for failure to state a claim, with one court[1] providing a deeper analysis of the shared conclusion that these website browsing movements do not convey any substance or meaning of a communication so as to afford them protection under the FSCA. However, Plaintiff contends that her case is distinguishable from these dismissed actions because Defendant's use of session replay software during her visit to its website recorded more than just her non-substantive browsing movements.

    The defendant in this case is a national corporation from which consumers may rent storage units. Dkt. 12 at 1, 12. Consumers may avail themselves to Defendant's products and services through Defendant's commercial website, which utilizes session replay software provided by a third-party company, Quantum Metric, Inc. *Id.* at 4, 11. Plaintiff states that she visited Defendant's website approximately ten times between June 2020 and August 2020. *Id.* at 11. On one of these occasions, Plaintiff alleges that she utilized the website's live chat

---

[1] *Goldstein v. Costco Wholesale Corp.*, No. 21-cv-80601-RAR, 2021 WL 4134774, at *2–3 (S.D. Fla. Sept. 9, 2021).

function to inquire about Defendant's available storage units and rates. *Id.* at 12. Plaintiff contends that, through the use of session replay software, Defendant intercepted her electronic communications in the online chat feature without her knowledge or consent. *Id.* at 2.

Based on the above, Plaintiff brings this two-count class action lawsuit. Count I alleges violations of the FSCA by Defendant through its recording of live chat conversations through session replay software. *Id.* at 21–24. Count II seeks declaratory and injunctive relief for the same pursuant to section 934.10(1)(a) of the FSCA. *Id.* at 24–25. Defendant filed the present motion to dismiss, Dkt. 16, pursuant to Fed. R. Civ. P. 12, which this Court construes as a motion to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* In considering a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## ANALYSIS

In its present motion, Defendant makes several arguments for the dismissal of Count I of Plaintiff's amended complaint. Defendant first states that Plaintiff has not alleged the interception of "contents" of an "electronic communication" as defined by the FSCA. Dkt. 16 at 7. Defendant also contends that Plaintiff has failed to allege a reasonable expectation of privacy in her live chat communications. *Id.* at 10. Next, Defendant claims that the FSCA only applies to intercept devices, not software. *Id.* at 15. As a final basis for dismissal, Defendant asserts that Plaintiff both impliedly and expressly consented to the recording of her live chat communications. *Id.* at 14, 16. Regarding Count II, Defendant asserts that this count is duplicative of Count I and therefore must be dismissed.

Applying the standard for assessing a Rule 12(b)(6) motion to dismiss, this Court denies Defendant's motion. At this stage of the proceedings, Plaintiff has alleged a plausible claim for relief under the FSCA. Plaintiff has set forth facts that, accepted as true and viewed in a light most favorable to her, sufficiently allege an interception of an electronic communication in violation of the FSCA. Plaintiff has sufficiently demonstrated how her claim's involvement of live chat communications distinguishes it from the other session replay software cases recently dismissed by courts in Florida. Defendant has not cited, nor has this Court found, any binding caselaw considering whether the recording of live chat

communications via session replay software is a violation of the FSCA. The Court also notes that the Eleventh Circuit has determined that software can constitute a "device" in the wiretapping context. *United States v. Barrington*, 648 F.3d 1178, 1203 (11th Cir. 2011). Though Defendant may, in fact, be correct that the FSCA does not apply to a commercial website's recording of live chat communications via session replay software, that determination is more appropriately addressed at the summary judgment stage.

Regarding Count II, the Court does not find this count to be duplicative. The FSCA explicitly provides for this remedy. Fla. Stat. § 934.10(1)(a); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004) (explaining that "the proper remedies for statutory violations . . . and the standards for granting statutorily-authorized injunctions are necessarily controlled by the statute itself").

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss, Dkt. 16, is denied. Defendant shall answer Plaintiff's amended complaint within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on January 7, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record